UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In Re* <br> **ANDREA NEWTON,** <br> **Debtor.** <br><br> Newton et al., <br> **Plaintiff,** <br> v. <br> Clinton Palmer, <br> **Defendant.** | Civ. Nos. 17-8377, 17-8378, 17-8574, 17-11637, 17-11856, 17-11859 <br><br> Bankruptcy Case No. 17-19019 <br><br> **OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the applications of *pro se* Debtor-Appellants Andrea Newton and her husband, Mark Newton, for an order allowing the appellants to prosecute this appeal without submitting critical items from the record below—chiefly, the transcripts of the bankruptcy court proceedings and rulings. (DE 38).[1] The Newtons seek to appeal from three orders: (1) a September 19, 2017 Order that incorporated a settlement between Appellants and their landlord, Clinton Palmer; (2) an October 6, 2017 Order that granted relief from the automatic stay in bankruptcy to Palmer so that he could proceed with eviction proceedings against Appellants based on their failure to comply with the September 19, 2017 Order; and (3) a November 7, 2017 Order denying Mr. Newton's application to intervene in Ms. Newton's bankruptcy proceeding.

Both the September 19, 2017 Settlement Order and the November 7, 2017 Order denying intervention were entered "for the reasons set forth on the

---

[1] "DE __" refers to the Docket Entry number in Civ. No. 17-8377.

1

record." This Court has provided the Newtons with numerous opportunities to perfect their appeal and to submit the transcripts of the oral decisions at issue in this appeal. The Newtons' continued disregard of this Court's orders violates the Federal Rules of Bankruptcy and impedes this Court's review.

I provide a brief summary of the Newtons' repeated non-compliance:

- November-December 2017: the Newtons file their notices of appeal.
- April 4, 2018: I enter an order to show cause why the appeals should not be dismissed based on the Newtons' failure to file the record in compliance with Fed. R. Bankr. R. 8003 and 8009. (DE 8). The appellants do not respond adequately, but cite medical problems. (DE 9).
- April 26, 2018: I dismiss the appeals without prejudice to reinstatement if the record is properly filed within 30 days. (DE 10).
- On May 25, 2018, the Newtons write to the Court claiming that they were not "served" with the April 26, 2018 order and did not learn about it until May 3, or possibly May 25, 2018, and should be given more time to comply. (DE 11).
- On May 29, 2018, I enter an order granting a further extension until June 19, 2018. (DE 12).
- July 22, 2018: A purported designation of the record on appeal is filed. (DE 13). It does not include the transcripts of September 19, 2017 or November 7, 2017 transcript.
- July 20, 2018: The Newtons write to the Court, claiming to have overlooked various court-imposed obligations and orders, citing medical problems and religious observances, and requesting reinstatement of their appeals. (DE 14).
- March 5, 2019: Despite deficiencies, the Court reinstates the Newtons' appeals. A briefing schedule is entered requiring the Newtons to file their merits briefing by April 4, 2019. (DE 21).
- March 8, 2019: In state-court eviction proceedings, the Newtons represent to the State judge that that my order of March 5, 2019 impliedly stayed the eviction because it was entered after they had moved

2

for reinstatement of their appeal "and other relief." The Superior Court adjourns the proceedings, seeking clarification as to whether a stay had been granted. (DE 26 ¶¶ 26, 27).

- March 19, 2019: I enter an opinion and order stating in no uncertain terms that no stay was in place and denying a pending motion for a stay.[2] (DE 28, 29). I particularly admonish the Newtons that, when this Court eventually considers the merits of their appeal, I will consider whether they have filed (1) the transcript of the settlement that was put on the record (hearing August 30, 2017, order issued Sept. 19, 2017); and (2) the transcript for the November 7, 2017 hearing denying Mr. Newton's application to intervene in Ms. Newton's bankruptcy proceeding. (DE 28 at 7 n.2). I further warn the Newtons that their failure to file the transcripts may result in summary dismissal of the appeals. (*Id.*).
- March 19, 2019: My order denying the Newtons' motion for a stay pending appeal directs them to comply with my earlier order and file the critical record items, including transcripts, by April 15, 2019.
- March 21, 2019: The Newtons file additional papers in support of a stay. (DE 34)
- March 21, 2019: By supplemental opinion and order, I deny the stay motion and reaffirm the order and opinion of March 19, 2019. (DE 36)
- April 4, 2019: The Newtons fail to file a merits brief by the deadline mandated by the Court's March 5, 2018 Order.
- On April 9, 2019, the Newtons file the motion now before the Court, seeking consideration of their appeal without the need to file transcripts. The Newton's motion papers proffer that they will file their merits brief after the Court resolves this motion. (DE 38-1 ¶28).

---

[2]   That stay motion was originally filed in December 2017 (DE 7), but became moot when the appeal was terminated (DE 8). After the appeal was reinstated on March 5, 2019 (DE 21), I authorized the Newtons' adversary, Palmer, to file a response (DE 24), which he did (DE 26). (*See* procedural history in Opinion and Order (DE 36).)

3

- April 15, 2019. Extended deadline to file the record.

The Newtons have not presented any compelling arguments suggesting that this Court should disregard the Federal Rules of Bankruptcy and allow them to appeal without submitting the decisions from which they are appealing. The Newtons suggest, without any supporting evidence, that they live "on a meager fixed income." (DE 38, at ¶27). They further believe that the underlying decision is not required for the Court to decide their appeal. (DE 38).

As I previously advised the Newtons, Federal Rule of Bankruptcy Procedure 8006 requires the party appealing a decision of a bankruptcy court to file, within fourteen days of filing the notice of appeal, a designation of items to be included in the record on appeal and a statement of issues presented. "While the Rule does not require that the 'record on appeal' include all transcripts of the proceedings below, its provisions make clear that those documents which include 'findings of fact' or 'conclusions of law' are deemed part of the record, including transcripts." *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006). While I am mindful of the Newton's *pro se* status, the record is now substantially overdue. I have given them multiple opportunities to submit the necessary items. Those orders have met with excuses and commitments to comply if the Court will grant an extension. Having been granted extensions, the Newtons now seek to be exempted from complying at all.

"Appellants have the duty to [designate and] provide the [C]ourt with all documents, including transcripts, that are necessary to conduct substantive review." *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011); *see In re WEB2B Payment Solutions, Inc.*, 2013 WL 2383599, *1-2 (Bankr. D. Minn. May 30, 2013) (citing cases). In addition, "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements

for payment of its cost." *In re Richardson Indus. Contractors*, 189 F. App'x 93, 95 n.2 (3d Cir. 2006).

## ORDER

Accordingly, **IT IS** this 16th day of April, 2019,

**ORDERED** that the Newtons' motion to proceed without filing the transcripts of the Bankruptcy court's oral decisions is **DENIED**.

The clerk shall file this order under all six of the captions above.

**Kevin McNulty**
**United States District Judge**